BOGGAN JUNIOR McIVER v. WILLIAMSON POTEAT AND DOUGLAS POTEAT.

(Filed 14 January, 1966.)

APPEAL by defendants from *Latham, S. J.,* March 1965 Civil Session of ALAMANCE.

Civil action to recover damages for personal injuries allegedly proximately caused by the actionable negligence of Williamson Poteat in operating an automobile owned by Douglas Poteat, as servant, agent, and employee of Douglas Poteat, and within the scope of his employment.

Defendants filed a joint answer in which they deny any negligence on their part, and as a further answer and defense conditionally plead plaintiff's contributory negligence as a bar to recovery.

The following issues were submitted to the jury and answered as indicated:

STATE *v.* BURGESS.

"1.  Was the plaintiff injured as a result of the negligence of the defendants, as alleged in the Complaint?
"ANSWER:  Yes.

"2.  If so, did the plaintiff by his own negligence contribute to his injuries, as alleged in the Answer?
"ANSWER:  No.

"3.  What amount, if any, is the plaintiff entitled to recover from the defendants?
"ANSWER:  $3,200.00."

From a judgment upon the verdict defendants appealed.

*Sanders & Holt by Emerson T. Sanders and Clyde A. Wootton for defendant appellants.*
*Ross, Wood & Dodge by B. F. Wood for plaintiff appellee.*

PER CURIAM.  Plaintiff's evidence was sufficient to carry his case to the jury. The jury, under application of well-settled principles of law, resolved the issues of fact against defendants. While the appellants' well-prepared brief presents contentions involving fine distinctions and close differentiations, a careful examination of their assignments of error discloses no feature requiring extended discussion. Neither prejudicial nor reversible error has been made to appear which would justify disturbing the verdict and judgment. "A new trial will not be granted for mere technical error which could not have affected the result, but only for error which is prejudicial or harmful." 1 Strong's N. C. Index, Appeal and Error, § 40. The verdict and judgment are upheld.

No error.